No. 32,916

The State of Kansas, *Appellee*, v. Darrell McPherson, *Appellant*.

(61 P. 2d 869)

Opinion filed November 7, 1936.

*W. M. Glenn*, of Tribune, for the appellant.

*Clarence V. Beck*, attorney general, and *Theo. F. Varner*, assistant attorney general, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellant was charged and found guilty of the larceny of an automobile. He has appealed and contends there is no substantial, competent evidence to support the verdict; that at most the evidence would support a verdict only as guilty of temporarily depriving the owner of the use of his automobile, and that a new trial should have been granted for the reason that the jury refused to follow the instructions of the court.

The evidence may be summarized as follows: On July 2, 1935, E. C. Gentry, who lives in Greeley county, was the owner of a new Dodge sedan, which he had parked on a street in Tribune. When he went to get it, about 5:30 o'clock in the afternoon, it was gone. He advised the deputy sheriff, Mr. Downing, who immediately sent word to surrounding towns. About an hour later a Mr. Hamann, who lived four miles north of Tribune, reported that he thought the car, and a man driving it, were at his place. Gentry and Downing went to the Hamann place and found appellant there with Gentry's car. The license tags had been removed, a number of little things that were in the car, mostly toys for children, had been taken out and thrown away, also the driver's license, which had been tied around the steering post. All of these, except the driver's license, later were found near the road along which defendant said he traveled. He told the officers and others that evening that the car was his, and that he had purchased it that morning for $100 cash

from a man along the highway. Later he admitted he had driven it from Tribune. Appellant had come to the Hamann place that evening and talked to a Mr. Winchester there, whom he knew, and wanted gasoline, as he did not have enough to get him to Sharon Springs. Winchester said he had none, but that a Mr. McClemm would be there soon with a tank full, and would let him have it. He waited until McClemm came, and wanted to trade the Dodge sedan, even up, to McClemm for his Model A Ford, because its tank was full of gas. While they were talking Hamann came up. He had learned the Gentry car had been taken, thought appellant had it, and had Winchester and McClemm detain appellant until he could get word to the sheriff at Tribune, and that was done.

The testimony of appellant, and on his behalf, was to this effect: His home is with his mother in Kearny county, but he has a daughter living at Goodland. In the afternoon of July 1 he started from home to go to Goodland to visit his daughter for a few days, taking with him no extra clothing. He drove to Syracuse, where he traded a Flint car he was driving for a used Ford, and in the evening started to drive to Tribune. When about ten miles from Tribune his car broke down and he stayed in the car until morning, when someone came along and pushed his car into Tribune. That on July 2 he went to Horace and got a pint of alcohol and returned to Tribune about noon; that he drank the alcohol that afternoon; that by two o'clock he was drunk, but still able to get around; that by five o'clock he was so drunk he had no idea what he did; that he had no recollection of stealing Gentry's automobile, or of driving it off; that while at Tribune he had made several inquiries trying to buy a car, or trade for one, so he could go on to Goodland; that if he took Gentry's car, which it seems there was no doubt that he did, he still had that trip to Goodland in mind, fully intending to return within three days, as originally planned. There was testimony on his behalf that at sometime in the afternoon he talked to the Ford agent about trading for a used car, but he had been drinking and was told to go to bed and to come back later; and that he was drunk about one of the stores, and was told to stay out of the store.

Those who saw him at the Hamann place testified that apparently he had been drinking, but was not drunk at that time, although the jailor thought he was drunk when he was put in jail that evening.

The trial court instructed the jury respecting the elements of the offense of the larceny of the automobile, and also of the lesser offense

of temporarily depriving the owner of the use of it, and gave instructions with respect to intoxicating liquor voluntarily taken. No complaint is made of any of these instructions.

Was there evidence to sustain the conviction? The jury was justified in believing defendant was not so drunk that he did not know what he was doing when he took Gentry's automobile. As supporting the charge that he intended to steal the car, as distinct from depriving the owner temporarily of its use, it should be noted that he removed from the car every identifying mark which he could take from it. More than that, he offered to trade the car as his own, and told the officers and others that he owned it and that he had purchased it that morning for $100. The jury was justified in believing that he took the car intending to keep it as his own.

The judgment of the court below is affirmed.